527 So.2d 68 (1988)
STATE of Louisiana, Plaintiff,
v.
Roy R. DANZY, Defendant.
No. 87-210.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Writ Denied June 2, 1988.
*69 David C. Kimmel, Asst. Atty. Gen., Baton Rouge, for plaintiff.
Pharis & Pharis, James A. Pharis, Jr., Ellis G. Saybe, Alexandria, for defendant.
Louis Berry, Alexandria, for intervenor-appellant.
Before FORET and LABORDE, JJ., and REGGIE,[*] J. Pro Tem.
FORET, Judge.
Intervenors-appellants, Jerry L. Tunnell, Gerald P. Fredieu, and Ernest P. Brister, for themselves and as representatives of all similarly situated citizens and residents of Grant Parish, appeal the judgment of the trial court, which sustained the exception of no right of action filed by defendant-appellee, Roy Danzy.
The State of Louisiana commenced this suit against Roy Danzy on November 15, 1985, seeking to be recognized as the owner of certain land located in Grant Parish. The State also sought money damages for the alleged wrongful removal and sale of timber from this land. The State alleged that the land claimed by Danzy was formerly the bottom of a navigable lake and was, therefore, State property.
On February 5, 1986, Clifton James Ducote petitioned to intervene in this suit. Ducote claims ownership of a portion of the land which is the subject of this litigation and, therefore, denies the State's ownership in the land. In the alternative, Ducote seeks damages from his vendor, defendant, Roy Danzy. Ducote's intervention is not at issue in this appeal.
On June 23, 1986, a "Petition for Intervention as a Class Action Parties Plaintiffs" was filed. This petition stated that the demands contained therein were on behalf of "Jerry L. Tunnell, Gerald P. Fredieu, and Ernest P. Brister, representing themselves and all other citizens and residents of Grant Parish Louisiana, similarly situated ..." This petition requested that judgment be rendered "decreeing that the Defendant does not have any title, interest or the right to possession" of the property herein involved. Five hundred thousand ($500,000.00) dollars in damages were also prayed for. In addition, the petition requested the appointment by the trial court of a "Magistrate in Equity." This was amended on October 1, 1986, to request the appointment of a "Master in Equity" rather than a "Magistrate in Equity."
On August 26, 1986, Danzy filed an exception of no right of action in response to the intervention by Tunnell, Fredieu, Brister, and the class they claimed to represent. Judgment was rendered granting the exception, and intervenors appeal this judgment.
Intervenors have alleged that they were wrongfully deprived of their right to hunt, fish, camp, and engage in other recreational *70 activities. In other words, they allege that they have been unable to use and enjoy State owned property in accordance with the applicable laws and regulations. Such a right is given in La.C.C. art. 452, which, in pertinent part, states, "Public things and common things are subject to public use in accordance with applicable laws and regulations ..." Public things are defined in La.C.C. art. 450 which states, in pertinent part: "Public things that belong to the state are such as ... bottoms of natural navigable water bodies ..." Thus, the rights asserted by intervenors are common to all citizens of Louisiana.
In order to participate in a lawsuit, a party must have an actionable right, i.e., an interest of which a court may take cognizance. In League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980), the court stated:
"A public right or duty may not be compelled or enforced by a private citizen without a showing of a personal grievance or interest in the outcome."
The court held that the League of Women Voters of New Orleans had no right of action to challenge the tax collections at issue in that case. The court reached this conclusion after making the following observation concerning the plaintiff's asserted interest:
"Their [the League's] general allegations of jeopardy to their interest in receiving sufficient police, fire and flood protection and other services are not peculiar to plaintiffs themselves or even to taxpayers as a class, but are common to the public at large."
The court required a special interest that was separate and distinct from the interest of the public at large. Thus, La.C.C.P. art. 681, which was cited by the court in League of Women Voters, states, "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."
Regarding the interests asserted by intervenors in the instant case, if the State of Louisiana had ownership of the land in controversy, the intervenors had a right to use and enjoy this land. However, as stated above, the rights asserted by intervenors are the same rights of every other citizen in the State of Louisiana. Obviously, the intervenors recognized this fact since they claimed to be "entitled to compensatory damages for the flagrant violation of their right to use and enjoy state property as citizens of the State of Louisiana and the Parish of Grant."
The proper procedural mechanism available for asserting the rights of all the citizens of a state, such as are involved in the instant case, is for the state to bring the action. A class action is inappropriate and unnecessary in this case. The rights asserted by intervenors are incidents to ownership of the land being vested in the State. If the State wins, intervenors' rights will have been vindicated. If the State loses, the intervenors never had the rights asserted in their petition.
Apparently, intervenors also asserted an interest in "... the profits that defendant has made off of this property by possessing it, leasing it, cutting timber, transferring interest to third persons and by using this property for his own profit and enterprise..." In his reasons for judgment, the trial court stated:
"As to the nature of public things, the court in City of New Orleans v. Carrollton Land Co., 131 La. 1092, 1095, 60 So. 695, 696 (1913), said that `such property is out of commerce. It is dedicated to public use, and held as a public trust, for public uses.'
"Thus this court holds that the respondents have no proprietary interest in the land at issue. In fact there has been no determination as to whether the state is indeed the true owner of the land at issue. The state is the owner of public land and should the outcome of the case in chief be in favor of the state, only the state and not its individual citizens, may demand an accounting or damages from one who has held the land as owner."
We agree with the trial court's reasoning.
Since this Court finds that intervenors have no right of action, it is not necessary to reach the other issues addressed by appellants concerning improper cumulation of *71 actions and the appointment of a Master in Equity.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to intervenors-appellants herein.
AFFIRMED.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.