# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1018


WASHINGTON MUTUAL BANK

VERSUS

HENRY CHARLES MONTICELLO, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-1304
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


ULYSSES GENE THIBODEAUX
CHIEF JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Jimmie C. Peters, Judges.


AFFIRMED.

Aubrey Edward Denton
Aubrey E. Denton, Ltd., APLC
P. O. Drawer 52110
Lafayette, LA 70505-2110
Telephone: (337) 289-9151
COUNSEL FOR:
    Defendant/Appellant - Jaime Monticello

Richard Dale Moreno
Robinson and Moreno, L.L.C.
One Lakeshore Drive - Suite 1135
Lake Charles, LA 70629
Telephone: (337) 433-9535
COUNSEL FOR:
    Defendant/Appellant - Jaime Monticello

**Eric James Simonson**
**McGlinchey Stafford PLLC**
**643 Magazine Street**
**New Orleans, LA 70130-3477**
**Telephone: (504) 586-1200**
**COUNSEL FOR:**
**Plaintiff/Appellee - Washington Mutual Bank**

**THIBODEAUX, Chief Judge.**

Ms. Jaime Monticello, one of the defendants in reconvention against Washington Mutual Bank (WMB), individually and on behalf of her minor children (collectively referred to as Jaime Monticello), appeals the district court judgment granting WMB's peremptory exceptions of no right of action and no cause of action, and consequently dismissing her claim. Jaime contends that WMB negligently allowed a judicial sale of her parents' seized property to proceed. Jaime asserts that she has a right of action as well as viable causes of action against WMB because she and her children were permanent occupants of her parents' house, and therefore had a property interest therein.

For the following reasons, we affirm the judgment of the district court.

I.

**ISSUES**

We shall consider whether:

1.  the trial court erred in granting WMB's peremptory exception of no right of action; and

2.  the trial court erred in granting WMB's peremptory exception of no cause of action.

II.

**FACTS**

Over thirty years ago, Henry Charles Monticello and his wife, Katerina Monticello (the Monticellos) signed a promissory note of which Washington Mutual Bank (WMB) was payee. The note was secured by a mortgage on the Monticellos' residence located in Lake Charles, Louisiana.

In October 2003, the Monticellos defaulted on their monthly payment, and WMB sent the Monticellos several past due notices in an attempt to collect

payment. After these efforts proved futile, WMB informed the Monticellos of its intent to exercise its right to accelerate the promissory note, and demanded full payment for the amounts due thereon.

Upon the Monticellos failure to make full payment, WMB filed suit on the note to enforce the mortgage. The Monticellos were properly served. Despite having actual knowledge of the pending suit against them, they failed to either file any responsive pleadings or appear for the hearing to show cause. Accordingly, the district court granted a money judgment by default against them and on behalf of WMB, awarding WMB the outstanding principal balance due on the note; all interests due; late charges; past and future advances; and attorney fees. These amounts totaled $14,683.31. WMB then proceeded to record the judgment in the mortgage conveyance records for the Parish of Calcasieu, and the Sheriff served the Monticellos with the judgment.

After the judgment was entered against the Monticellos, WMB requested that a *writ of fieri facias* be issued and that service thereof be made upon the Monticellos. The Calcasieu Parish Sheriff executed the *writ of fieri facias* and seized the property. The Sheriff also informed the Monticellos that the property was scheduled for judicial sale on September 8, 2004.

On Saturday, September 4, 2004, a few days before the judicial sale was scheduled to occur, the Monticellos sent $10,000.00 in certified funds to WMB to partially cover their outstanding debt. However, this transaction was not processed until September 8, 2004, the same day on which the judicial sale took place. According to WMB, the transaction was not processed immediately because the monies were sent to WMB over the long Labor Day weekend. The judicial sale took

place on September 8, 2004, as scheduled, and Myrtis Mueller was the successful bidder, becoming the third party purchaser of the Monticellos' house.

In order to prevent the Monticellos from being evicted from their house after effecting payment on their account, WMB allegedly asked Myrtis Mueller whether she would voluntarily give up her right to acquire the property, but Ms. Mueller refused. WMB proceeded to file a "Motion to Rescind and Set Aside Sheriff's Sale and for Temporary Restraining Order and Permanent Injunction" (Motion to Set Aside the Sale) based upon equitable grounds. According to WMB, the $10,000.00 payment made by the Monticellos was sufficient to reinstate the loan to a current status.

At the hearing to show cause on the Motion to Set Aside the Sale, Ms. Mueller opposed it arguing that the Monticellos failed to exercise their right to stop the judicial sale by paying the judgment in full before the judicial sale took place. The district court judge agreed with Ms. Mueller and denied the motion, concluding that there was no basis in which to set aside the judicial sale.

After the district court rendered judgment, the Monticellos in conjunction with their major daughter, Jaime Monticello, who was living at the Monticellos' house with their permission and consent, filed a reconventional demand arguing that WMB acted negligently by failing to halt the judicial sale. In response thereto, WMB filed peremptory exceptions of no right of action and no cause of action against the claim brought by Jaime Monticello. WMB maintained that Jaime Monticello had no remedy at law under either contract or tort law. It contended that Jaime Monticello was unable to establish a claim under contract law because there was no privity of contract between the parties. Likewise, WMB argued that Jaime Monticello was unable to institute a claim based on tort because it did not owe any

duty to her. The district court granted both of WMB's peremptory exceptions and dismissed Jaime Monticello's claim.

On appeal, Jaime Monticello argues that the district court erred in granting WMB's peremptory exceptions, as she had a right of action against WMB because she was a permanent occupant of the Monticellos' residence up until the day the property was seized. For this reason, she contends having three causes of action against WMB, namely a cause of action predicated upon negligence; a cause of action pursuant to the Louisiana Unfair Trade Practices and Consumers Law (LUTPA); and, a cause of action under *Thomas v. Werlein*, 181 La. 104, 158 So. 683 (1935).

## III.

## LAW AND DISCUSSION

### Standard of Review

Both peremptory exceptions of no right of action and no cause of action pose a question of law. Accordingly, we review these exceptions *de novo*. *See Rowan v. Town of Arnaudville*, 02-882 (La.App. 3 Cir. 12/11/02), 832 So.2d 1185. *See also Industrial Companies, Inc. v. Durbin*, 02-665 (La. 1/28/03), 837 So.2d 1207. We will review the record in its entirety to determine whether the trial court was legally correct or legally incorrect. *Citgo Petroleum Corp. v. Franz*, 03-88 (La.App. 3 Cir. 6/4/03), 847 So. 2d 734, *writ denied*, 03-1911 (La. 10/31/03), 857 So.2d 484.

### A.

### Did the Trial Court Correctly Grant WMB's Peremptory Exception of No Right of Action?

According to Jaime Monticello, her right of action stems from La.Code

4

Civ.P. arts., 682[1] and 683B.[2]  She maintains that because she has juridical capacity to sue on her behalf and that of her children, she then has general procedural capacity to pursue various causes of action against WMB.  This argument is misplaced.  It is noteworthy that Jaime Monticello supports her theory by invoking Articles 682 and 683B, yet she entirely overlooked Article 681 which, de jure, governs the disposition of this question of law.

> Louisiana Code of Civil Procedure Article 681 provides:
>
> Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.

Accordingly, when the facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the proper objection is an exception of no right of action.  *Cox Cable New Orleans, Inc. v. City of New Orleans*, 624 So.2d 890 (La.1993).  This exception is used to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.  *Glod v. Baker*, 02-988 (La.App. 3 Cir.), 851 So.2d 1255, *writ denied,* 03-2482 (La. 11/26/03), 860 So.2d 1135.  For this reason, "in order to participate in the lawsuit, a party must have an actionable right–i.e., an interest of which a court may take cognizance." *State v. Danzy*, 87-210 (La.App. 3 Cir. 1988), 527 So.2d 68, 70, *writ denied,* 528 So.2d 153

---

[1]**Art. 682.  Individuals Having Procedural Capacity**

> A competent major and a competent emancipated minor have the procedural capacity.

[2]**Art. 683.  Unemancipated Minor**

> . . . .
>
> B.  Except as otherwise provided in article 4431, the tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemancipated minor, when one or both parents are dead, the parents are divorced or judicially separated, or the minor is born outside of marriage.

5

(La.1988). From this principle follows the corollary that a party has an actionable right, and consequently standing, if "it can be said that the plaintiff has a legally protectable and tangible stake in the litigation." *Citizen Comm. for Better Law Enforcement v. City of Lafayette*, 95-1630 (La.App. 3 Cir. 11/20/96) 685 So.2d 289, 290, *writ denied,* 96-3087 (La. 2/7/97), 688 So.2d 507 (citation omitted).

Merely stating that Jaime Monticello was a permanent occupant of the Monticellos' house is insufficient to establish she had a legally protectable and tangible stake in the litigation. Jaime Monticello was unable to establish that she had an interest in the property because she did not prove a contractual relationship with WMB, an ownership or leasehold interest in the property, or even a right to possess the property after foreclosure, notwithstanding that "evidence is admissible on the trial of an exception of no right of action to 'support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition.'" *Industrial Co., Inc.,* 837 So.2d at 1216 (*citing* La.Code Civ.P. art. 931).

Jaime Monticello's inability to prove she had a legal interest in the property is clearly attributable to the fact that she was simply living at the Monticellos' residence because of their goodwill. Permission or consent to occupy a property, by and of itself, does not create a legally recognizable interest in the property. The trial court correctly granted the exception of no right of action because Jaime Monticello did not have an interest in the property, and, therefore, she did not belong to the class of persons to whom the law affords the cause of action or remedy asserted on the reconventional demand.

**Did the Trial Court Correctly Grant WMB's
Peremptory Exception of No Cause of Action?**

"The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." *Cleco Corp. v. Johnson*, 02-17, p. 3 (La. 11/29/01), 795 So.2d 302, 304 (citation omitted). The purpose of the exception of no cause of action is to determine the legal sufficiency of the petition. *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007 (La.1993). The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to plaintiff if those facts are proved at trial. *Id.* If the grounds of the objection raised through the exception cannot be removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La.Code Civ.P. art. 934.

In this case, we will individually address each of the three causes of actions alleged by Jaime Monticello on appeal to determine whether the trial court correctly granted the exception of no cause of action in favor of WMB.

*i.*

*Does Jaime Monticello have a Cause of Action
Predicated on Tort Law?*

In negligence cases, Louisiana courts apply the duty-risk analysis to determine whether liability exists.

> This approach provides an analytical framework for evaluation of liability. One analysis requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the

plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*La Pac Mfg. v. TCM Mfg.*, 06-748, p. 6 (La.App. 3 Cir. 12/6/06), 944 So.2d 831, 835-36, (citing *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 632-33 (citations omitted)).

In this case, we find that there was no negligence on the part of WMB because the element of duty is lacking, and "[a] negative answer to any of the inquiries of the duty risk analysis results in a determination of no liability." *Id.*

"The existence of the duty is clearly a question of law. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support a claim." *Nicholson v. Calcasieu Parish Police Jury*, 96-314 (La.App. 3 Cir. 12/11/96), 685 So.2d 507, 511 (citations omitted). Jaime Monticello cites La.Code Civ.P. art. 2751 and *Secor Bank v. Hackle*, 94-158 (La.App. 4 Cir. 10.27/94), 644 So.2d 1138, 1142-1143 as sources of the duty owed by a seizing creditor. She argues that WMB, as a seizing creditor, had a high duty to comply with statutory requirements and phrases the said duty as follows:

> [the] [e]xecutory process has many technical requirements that must be observed scrupulously, and *it is one of the few areas of law wherein there is a rational basis for giving form precedence over substance.* Seizure pursuant to executory process is wrongful if the procedure required by law for an executory proceeding has not been followed (citations omitted).

We find that reliance on these authorities is misplaced. These propositions are properly invoked when the procedural aspect of the seizure is being challenged. The question of procedural sufficiency in this case was addressed before the trial judge at the hearing between Myrtis Mueller and WMB on the Motion to Set

8

Aside the Sale. At the hearing, after hearing both arguments, the trial judge concluded that the judicial sale conformed with all procedural requirements and, therefore, lacked any procedural defect which would justify setting it aside. We agree.

No one is disputing that WMB, in all likelihood, owed a duty to the Monticellos to conduct due diligence to prevent the improper sale of their residence if, indeed, the house note was paid by the terms agreed upon between the Monticellos and WMB prior to the judicial sale. However, the question here is whether that duty extended to Jaime Monticello. In our view, it did not. We have not found any positive law or jurisprudence imposing a duty on mortgagees whereby they have to make sure that all permanent occupants of a house have a roof over their heads in the event of wrongful foreclosure, despite not having any legal interest in the property.

*ii.*

*Does Jaime Monticello have a Cause of Action pursuant to the*
*Louisiana Unfair Trade Practices and Consumer Law (LUTPA)?*

Jaime Monticello, without indicating how LUTPA affords her a remedy at law, advances the conclusory statement that "numerous cases also affirm a cause of action under the Louisiana Unfair Trade Practices Act for wrongful foreclosure or seizure." In response to this assertion, WMB maintains that this claim was raised for the first time on appeal, and "since the appellant's newly-minted LUTPA claim was not raised before the trial court, 'it is inappropriate for consideration by this court.'" In support thereof, WMB cites *Hargett v. Hargett*, 00-799 (La.App. 3 Cir. 12/6/00),

9

772 So.2d 999 (citation omitted) and the Uniform Rules–Courts of Appeal, Rule 1–3.[3] In our view, WMB's argument lacks merit.

First, this case is clearly distinguishable from *Hargett* because there the defendant attacked the sufficiency of the facts pleaded by the plaintiff, whereas here WMB is not attacking the sufficiency of the facts pleaded by Jaime Monticello. Rather, it is attacking the timeliness in which the LUTPA claim was raised. For this reason, this legal proposition is misplaced and does not govern the disposition of this case. Instead, we analyze it under *Industrial Co., Inc., supra.*

In *Industrial Co., Inc.,* the Louisiana Supreme Court, in discussing the exception of no cause of action, stated that "a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of *any* claim which would entitle him to relief." *Id.* (Emphasis supplied). Therefore, even though Jaime Monticello did not raise the LUTPA claim at the trial level, our court has the authority to entertain it, particularly since we are conducting a *de novo* review of these exceptions.

As stated before, the trial court's grant of an exception of no cause of action is reviewed *de novo. Industrial Co., Inc.*, 837 So.2d 1207. In a *de novo* review, "the appellate court is at liberty to make an independent decision based on the record evidence." *Bujol v. Entergy Servs., Inc.*, 03-492, p. 11 (La. 5/25/04), 922 So.2d 1113, 1144, Fn. 1. When an exception of no cause of action is raised, "[t]he question is whether, in the light most favorable to the plaintiff, the petition states any

---

[3]**Rule 1–3. Scope of Review**

> The Scope of Review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal, shall be as provided by LSA-Const. Art. 5 Sec. 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which were contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

valid cause of action for relief. . . . [Citations omitted.]" *Crosby v. Stinson*, 33-628, p. 3 (La.App. 2 Cir. 8/23/00), 766 So.2d 615, 617. In these instances, appellate courts can look at the petition to determine if the facts stated therein afford the plaintiff any sound cause of action, regardless of whether or not the newly raised cause of action was brought before the trial court.

In this situation, Jaime Monticello is precluded from suing WMB because she does not have a legal interest in the property. But, assuming, *arguendo,* that Jaime Monticello had a legal interest in the said property, she still would not be able to sue WMB on LUTPA grounds.

> The Louisiana Unfair Trade Practices and Consumer Protection Act (LUTPA) states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. La.R.S. 51:1405. It confers a right of action on any person who "suffers any ascertainable loss of money or movable property, corporeal or incorporeal," for actual damages resulting from unfair trade practices, in addition to court costs and attorney fees. La.R.S. 51:1409. . . . Except for the Louisiana First Circuit Court of Appeals, Louisiana Courts, both state and federal, have uniformly held the personal right of action granted under LUTPA applies only to direct consumers or to business competitors.

*Vermillion Hosp., Inc. v. Patout*, 05-82, p. 3-4 (La.App. 3 Cir. 6/8/05), 906 So.2d 688, 691-92.

Accordingly, to have standing under LUTPA, Jaime Monticello must show that she was either a direct consumer or a business competitor of WMB. A "consumer" is defined in the statute as "any person who uses, purchases, or leases goods or services." La.R.S. 51:1402(1). Alternatively, to be considered a "business competitor," "[the plaintiff] must establish [she] engages in business that competes directly or indirectly with the defendant as a business competitor." *Vermillion Hosp., Inc.*, 902 So.2d at 692.

11

Jaime Monticello's petition does not suggests that she is a direct consumer of WMB. Her parents, not her, were the ones who signed the promissory note of which WMB was payee. Similarly, Jaime Monticello is unable to establish she is a business competitor of WMB. Consequently, Jaime Monticello lacks standing to pursue an action under LUTPA.

*iii.*

*Does Jaime Monticello have a remedy*
*under Thomas v. Werlein?[4]*

Jaime Monticello argues that under *Thomas v. Werlein*, 181 La. 104, 158 So. 635 (1935), she is entitled to damages. Her interpretation of *Thomas* is sweeping and without merit; accordingly, we disagree.

In *Thomas*, the plaintiff, a widow, sued the defendant on her behalf and that of her children alleging that the defendant, through its agents, had wrongfully and fraudulently removed from her home a radio-phonograph which was purchased by her deceased husband. Jaime Monticello asserts that pursuant to *Thomas*, "for 70 years, Louisiana courts have recognized a claim for damages to the non-owning spouse over the loss by wrongful seizure of a mere phonograph" and, therefore, she is entitled to damages thereunder.

Jaime Monticello's sweeping reading of this case fails to notice that at the end of the opinion the court mentions that the plaintiffs were awarded damages "under their transmitted rights." *Id.* By virtue of these "transmitted rights," the plaintiffs were able to sue the defendant and recover damages because, by operation of law, they had an ownership interest in the radio-phonograph. In contrast, Jaime

---

[4]181 La. 104, 158 So. 635 (1935).

Monticello does not have any legal interest in the Monticellos' property, transmitted or otherwise, and as a result she is precluded from suing WMB.

IV.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court granting WMB's peremptory exceptions of no right of action and no cause of action against Jaime Monticello.

**AFFIRMED.**