STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-90


NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2006-1

VERSUS

LATONYA M. THOMAS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20182940
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.


REVERSED AND REMANDED.

**Brian D. Roth**
**Bryan C. Shartle**
**Bradley J. St. Angelo**
**Sessions, Israel & Shartle, LLC**
**3850 North Causeway Boulevard, Suite 200**
**Metairie, LA   70002**
**(504) 828-3700**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **National Collegiate Student Loan Trust 2006-1**

**Christine Wells**
**Michael L. Lancaster**
**M. Reah Linton**
**Eaton Group Attorneys**
**Post Office Box 3001**
**Baton Rouge, LA   70821-3001**
**(225) 378-3110**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **National Collegiate Student Loan Trust 2006-1**

**William Gardere Cherbonnier, Jr.**
**2550 Belle Chasse Highway, Suite 215**
**Gretna, LA   70053**
**(504) 309-3304**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Latonya M. Thomas**

**Garth Jonathan Ridge**
**251 Florida Street, Suite 301**
**Baton Rouge, LA   70801**
**(225) 343-0700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Latonya M. Thomas**

**David Anthony Szwak**
**Bodenheimer, Jones & Szwak**
**416 Travis Street, Suite 800**
**Shreveport, LA   71101**
**(318) 424-1400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Latonya M. Thomas**

**J. David Andress**
**120 Rue Beauregard, Suite 205**
**Lafayette, LA   70508**
**(337) 347-9919**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Latonya M. Thomas**

**PERRET, Judge.**

Plaintiff-appellant, the National Collegiate Student Loan Trust 2006-1 ("NCSLT"), seeks review of the trial court's October 20, 2020 judgment sustaining an exception of no right of action filed by defendant-appellee, Latonya M. Thomas, dismissing NCSLT's action against her with prejudice. For the following reasons, we reverse the trial court's judgment that sustained the exception of no right of action and remand for further proceedings.

**FACTS:**

This suit arises out of an educational loan note account that was originally issued to Ms. Thomas on November 28, 2005, through Charter One Bank, N.A. On May 7, 2018, NCSLT filed suit against Ms. Thomas to collect on the student loan debt in the amount of $53,338.04, together with accrued interest in the amount of $4,724.86, totaling the sum of $58,062.90. Attached to the petition, NCSLT filed into the record an "Affidavit and Verification of Account" executed by an employee of Transworld Systems, Inc., the designated custodian of records concerning the education loan at issue, attesting that The National Collegiate Funding, LLC sold, assigned, and transferred Ms. Thomas's student loan to NCSLT on March 9, 2006.

Ms. Thomas subsequently filed peremptory exceptions of no right of action, no cause of action, and prescription. With respect to the exception of no right of action that is the subject of this appeal, Ms. Thomas argued that NCSLT, a Delaware trust, lacks the procedural capacity to appear as plaintiff because Louisiana law "mandates that only the trustee has the capacity to file suit on behalf of a trust[,]" and that a "trust itself has no right of action[.]" In her memorandum in support of the exception of no right of action, Ms. Thomas states that "NCSLT has two trustees, specifically, U.S. Bank National Association is the 'Indenture

Trustee' and Wilmington Trust Company is the 'Owner Trustee.'" NCSLT responded to the exception of no right of action by arguing that it is a Delaware statutory trust which, by definition, is an unincorporated association with the right, capacity, and standing to sue in its own name. In further support of its argument, NCSLT cites to La.R.S. 12:507(A)[1] and La.Code Civ.P. art. 689[2] to argue that Louisiana "fully recognizes the separate personality of unincorporated associations" and that, as a juridical person under La.Civ.Code art. 24,[3] it has the procedural capacity to sue Ms. Thomas to enforce its rights in its own name.

After a hearing, the trial court signed a judgment on August 24, 2020, which denied the exceptions of no cause of action and prescription but sustained the no right of action. At that time, the judgment ordered that NCSLT "shall have forty-five (45) days to amend its Petition in accordance with this Judgment if it is able to do so." The trial court provided the following pertinent reasons for sustaining the exception of no right of action:

> Plaintiff, National Collegiate Student Loan Trust 2006 (hereinafter "NCSLT") brought the present suit in an attempt to collect a student loan obligation. The exception of no right of action is urged on the basis that NCSLT is a trust which is not permitted to prosecute a lawsuit on its own behalf under Louisiana law.

---

[1] Louisiana Revised Statutes 12:507(A) provides that "[a]n unincorporated association, in its name, may institute, defend, intervene, or participate in a judicial, administrative, or other governmental proceeding or in an arbitration, mediation, or any other form of alternative dispute resolution."

[2] Louisiana Code of Civil Procedure Article 689 provides that "[a]n unincorporated association has the procedural capacity to sue to enforce its rights in its own name, and appears through and is represented by its president or other authorized officer."

[3] Louisiana Civil Code Article 24 provides, as follows:

There are two kinds of persons: natural persons and juridical persons.

A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.

The first issue presented to the Court was whether Delaware or Louisiana law should be applied. The Court applied the factors set forth in *Triche v Martin*, [08-1220 (La.App. 1 Cir. 5/8/09),] 13 So.3d 649 [, *writ denied*, 09-1284 (La. 9/25/09), 18 So.3d 76]. The loan that is the subject of this lawsuit was executed in Louisiana, between two Louisiana residents and an Ohio bank, the funds were allegedly disbursed in Louisiana for the purpose of attending a Louisiana institute of higher education. Further, the plaintiff filed the suit in the 15th Judicial District Court, Lafayette Parish, Louisiana. The policies of the State of Louisiana would be most significantly impaired if its laws were not applied. Therefore, this Court will apply the law of Louisiana.

Under Louisiana law, a statutory trust created under the laws of another state is by definition an "express trust" and with one exception which is not applicable in this case, the trustee of an express trust is the real party in interest, and the proper party plaintiff, in a lawsuit brought in Louisiana on behalf of an express trust, to enforce a right or interest of the trust.[4]

On October 20, 2020, the trial court took "judicial notice that as of October 9, 2020, more than forty-five (45) days have elapsed from the date of the signing of the Judgment, and Plaintiff, [NCSLT], has failed to amend its petition to comply with the judgment of the Court." Accordingly, the trial court entered a final judgment dismissing the matter with prejudice. NCSLT now appeals this final judgment alleging the following two assignments of error:

1.    The trial court erred in sustaining the exception of no right of action when the issue presented was one of capacity -- a dilatory exception that had been waived.

2.    The trial court erred by deeming NCSLT an express trust under Louisiana law and subject to the limitations on the capacity of express trusts to file suit in Louisiana pursuant to [La.Code Civ.P.] art. 699.

**STANDARD OF REVIEW:**

The standard of review of a ruling on an exception of no right of action, which presents a question of law, is de novo. *Washington Mut. Bank v. Monticello*,

---

[4] Upon reviewing Louisiana statutory law, we are unable to find legal support for the trial court's conclusion that "Under Louisiana law, a statutory trust created under the laws of another state is by definition an 'express trust.'"

3

07-1018 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, *writ denied*, 08-530 (La. 4/25/08), 978 So.2d 369. "Appellate review of questions of law is simply a review of whether the lower court was legally correct or legally incorrect." *Foster v. ConAgra Poultry Co.*, 95-793, p. 2 (La.App. 3 Cir. 2/14/96), 670 So.2d 471, 473, *writ denied*, 96-645 (La. 4/26/96), 672 So.2d 674.

**DISCUSSION:**

Louisiana Code of Civil Procedure Article 681 provides that "an action can be brought only by a person having a real and actual interest which he asserts." A peremptory "exception of no right of action is a threshold procedural device used to terminate a suit brought by a person who has no legally recognized right to enforce the right asserted." *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 05-2364, p. 4 (La. 10/15/06), 939 So.2d 1206, 1210. Thus, "[t]he exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation." *Badeaux v. Sw. Computer Bureau, Inc.*, 05-612 pp. 6-7 (La. 3/17/06), 929 So.2d 1211, 1217.

The first issue we will address is whether the trial court correctly deemed NCSLT an express trust under Louisiana law since it is dispositive of the case *sub judice*. Although both parties agree that Louisiana procedural laws apply to the process by which juridical entities and express trusts access and file suit in Louisiana courts, NCSLT argues that the trial court erred in finding it to be an express trust rather than a business trust which was established under Delaware law as an independent juridical entity. In support of this argument, NCSLT cites to La.R.S. 12:1-140(24B), which defines an "Unincorporated entity" to include a "business trust," to argue that it is a foreign juridical person and, as such, it has the

right and capacity to access the Louisiana courts in its own name per La.Civ.Code art. 24.

In response, Ms. Thomas argues that "[t]here is no statutory exception that would allow a foreign trust to file suit in its own name in Louisiana" and that "Louisiana is not required by the U.S. Constitution to step aside and allow Delaware Law and procedure to control its courts." Thus, Ms. Thomas argues that per La.Code Civ.P. art. 699, "only the trustee has a right to assert a claim on behalf of a trust" and that the trial court properly granted the no right of action upon finding that the trust, NCSLT, was not the proper party and had no real and actual interest in the claim asserted.

"Judicial review of issues of Louisiana trust law, like such review of all issues of Civil Law, begins not with an examination of jurisprudence but with the plain wording of the Trust Code [La.R.S. 9:1721], read as a whole and interpreted according to its own rules of construction." *Read v. U.S. ex rel. Dep't of Treasury*, 169 F.3d 243, 248 (5th Cir. 1999). Under the Louisiana Trust Code, a trust is defined as "the relationship resulting from the transfer of title to property to a person [the trustee] to be administered by him as a fiduciary for the benefit of another." La.R.S. 9:1731. A trustee is defined as "a person to whom title to the trust property is transferred to be administered by him as a fiduciary." La.R.S. 9:1781. Additionally, La.Code Civ.P. arts. 699 and 742 provide, respectively, that the trustee is the proper plaintiff and defendant in any action to enforce a right or obligation on behalf of or against a trust estate. Thus, "[u]nder Louisiana law, title to the trust property vests in the trustee alone, and a beneficiary has no title to or ownership interest in trust property, but only a civilian 'personal right' vis-a-vis the trustee, to claim whatever interest in the trust relationship the settlor has chosen to

5

bestow." *Bridges v. Autozone Properties, Inc*., 04-814, p. 18 (La. 3/24/05), 900 So.2d 784, 796-97.

Although Louisiana law does not have a "statutory" or "business" trust per se, its statutory laws do contain elements similar to those provided under the Delaware Statutory Trust Act [12 Del. C. § 3801[5]], which give a statutory trust the right and capacity to sue in its own name. Under the Louisiana Business Corporation Act, La.R.S. 12:1-140(24B) (emphasis added), an "Unincorporated entity" is defined as follows:

> an organization or juridical person that has a separate juridical personality and that is not any of the following: a domestic or foreign business or nonprofit corporation, an estate, a trust, a state, the United States, a foreign government, or any agency or subdivision of a foreign government. In addition, the term includes a general partnership, limited liability company, limited partnership, partnership in commendam, registered limited liability partnership, ***business trust***, joint stock association, and unincorporated nonprofit association, regardless of whether any of those included forms of organization is treated as a juridical person under the relevant organic law.

---

[5] 12 Del. C. § 3801 provides, in pertinent part:

(i) "Statutory trust" means an unincorporated association which:

(1) Is created by a governing instrument under which property is or will be held, managed, administered, controlled, invested, reinvested and/or operated, or business or professional activities for profit are carried on or will be carried on, by a trustee or trustees or as otherwise provided in the governing instrument for the benefit of such person or persons as are or may become beneficial owners or as otherwise provided in the governing instrument, including but not limited to a trust of the type known at common law as a "business trust," or "Massachusetts trust," or a trust qualifying as a real estate investment trust under § 856 *et seq*. of the United States Internal Revenue Code of 1986 [26 U.S.C. § 856 *et seq*.], as amended, or under any successor provision, or a trust qualifying as a real estate mortgage investment conduit under § 860D of the United States Internal Revenue Code of 1986 [26 U.S.C. § 860D], as amended, or under any successor provision; and

(2) Files a certificate of trust pursuant to § 3810 of this title.

Any such association heretofore or hereafter organized shall be a statutory trust and, unless otherwise provided in its certificate of trust and in its governing instrument, a separate legal entity.

The Act also defines a "Foreign unincorporated entity" as "an unincorporated entity whose internal affairs are governed by an organic law of a jurisdiction other than this state."[6] La.R.S. 12:1-140(10B).

Additionally, the Louisiana Trust Code defines "Person" to be "an individual, a corporation, a partnership, a limited liability company, an association, a joint stock company, a *business trust*, or two or more persons having a joint or common interest." La.R.S. 9:1725(3) (emphasis added). Under Louisiana's Uniform Commercial Code, a "Person" is defined as "an individual, or any legal or commercial entity, including a corporation, **business trust**, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, or public corporation." La.R.S. 10:1-201(27) (emphasis added). "Although the Official Revision Comments connected with statutes are not the law, they can be useful in determining legislative intent." *Cent. Prop. v. Fairway Gardenhomes, LLC*, 16-1855, p. 11 (La. 6/27/17), 225 So.3d 441, 448 (citing *Arabie v. CITGO Petroleum Corp.*, 10-2605 (La. 3/13/12), 89 So.3d 307). The 2016 Official Revision Comment to La.R.S. 10:1-201(27) states as follows (emphasis added):

> "Person." This definition is non-uniform. Louisiana law recognizes two kinds of persons: natural persons and juridical persons. Civil Code Article 24. Neither a Louisiana estate nor a Louisiana private trust is a person under Louisiana law. See Civil Code Article 872 and R.S. 9:1731, respectively. **However, if an estate or a trust arising in another state has a separate legal existence as a juridical person under the laws of that state, then this definition permits that entity to be a person for purposes of revised Chapter 1.**

Thus, Louisiana statutory law clearly recognizes an unincorporated entity, and its legislative comment to La.R.S. 10:1-201(27) provides legal support for finding that

---

[6] "Organic law" is defined as "the statute governing the internal affairs of a domestic or foreign business or nonprofit corporation or unincorporated entity." La.R.S. 12:1-140(15B).

a foreign unincorporated entity may have "a separate legal existence as a juridical person" in its courts.

After reviewing these statutory laws, we agree with NCSLT that it does not fit the definition of a Louisiana express trust because there has been no transfer of ownership of property to a trustee; rather, NCSLT owns Ms. Thomas's loan and other loans in its portfolio. This is evidenced in the March 9, 2006 Deposit and Sale Agreement that sold, transferred, and assigned Ms. Thomas's student loan from The National Collegiate Funding, LLC to the NCSLT, which provides in pertinent part:

> This DEPOSIT AND SALE AGREEMENT (the 'Sale Agreement'), dated as of March 9, 2006, between The National Collegiate Funding LLC, as seller (in such capacity, the 'Seller'), and The National Collegiate Student Loan Trust 2006-1, as purchaser (the 'Purchaser'), shall be effective upon execution by the parties hereto.
>
> . . . .
>
> Section 3.01. <u>Sale of Loans</u>. The Seller hereby sells and the Purchaser hereby purchases the Transferred Student Loans.

The United States Supreme Court discussed traditional trusts and unincorporated entities while addressing a diversity jurisdiction issue in *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383-84, 136 S.Ct. 1012, 1016-17 (2016) (citations omitted), and stated, as follows:

> Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued.
>
> Many States, however, have applied the "trust" label to a variety of unincorporated entities that have little in common with this traditional template. Maryland, for example, treats a real estate investment trust as a "separate legal entity" that itself can sue or be sued. So long as such an entity is unincorporated, we apply our "oft-repeated rule" that

it possesses the citizenship of all its members. But neither this rule nor *Navarro* [*Savings Association v. Lee*, 446 U.S. 458 (1980)] limits an entity's membership to its trustees just because the entity happens to call itself a trust.

We therefore decline to apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name.

In this case, the parties agree that NCSLT is a business trust established under Delaware law as an independent juridical entity but argue over whether Louisiana law restricts NCSLT from accessing Louisiana courts in its own name. Because we find Louisiana statutory law recognizes an unincorporated foreign entity such as this business trust at issue, we find it was error for the trial court to assume NCSLT was an express trust merely because it was "a statutory trust created under the laws of another state[,]" and thus, had no separate legal personality apart from its trustee. Additionally, upon consideration of the 2006 Official Revision Comment to La.R.S. 10:1-201(27), we find no Louisiana law that prevents NCSLT, a business trust that is recognized in Delaware as a juridical person, the same capacity to bring a civil suit in the courts of this state.

Accordingly, we reverse the trial court judgment, overrule the exception of no right of action as to procedural capacity, and remand this matter for further proceedings on the merits. Each party is to pay its own costs on appeal.

**REVERSED AND REMANDED.**

9